## No. 5290.

### STATE ex rel. L. B. CLAIBORNE *v.* CHARLES PARLANGE.

The relator, in this case, was duly elected or appointed to the office he claims on the second of December, 1872, in the only manner then known to the law. The act of the Legislature of March 9, 1874, changing the mode of appointment can not be construed so as to make it retroactive. It must be understood to apply to parishes where appointments to that office had not been made by the police juries, or where vacancies existed.

In this instance the office of district attorney *pro tempore* had been filled and the incumbent's term of office had not expired. The act of March 9, 1874, does not abolish the office of district attorney *pro tempore*, but only alters the mode of appointing to that office.

APPEAL from the Seventh Judicial District Court, parish of Point Coupee. *Hewes, J. T. O. Provosty*, District Attorney. *Yoist & Haralson, Barrow & Pope* and *A. Voorhies*, for relator and appellant. *Ed. Phillips* and *Charles Parlange, in propria persona*, defendant and appellee.

TALIAFERRO, J. This action is brought under the intrusion law. The relator alleges that he was duly elected and appointed by the

police jury of the parish of Point Coupee on the second·day of December, 1872, district attorney *pro tempore* for the said parish of Point Coupee. He complains that the defendant has intruded into and usurps said office, and claims the right to perform the duties and· receive the salary and emoluments of said office to the annoyance and injury of the relator. He prays judgment recognizing him as the legal district attorney *pro tempore* of said parish, and that defendant be injoined from exercising any of the functions, or discharing any of the duties of the said office. The defendant filed a peremptory exception to the relator's right to stand in judgment, and denies that he has any interest whatever in the subject matter, and that relator shows any cause of action.

There was judgment in favor of the defendant and the plaintiff has appealed. By his exception the defendant admits the allegations of the petition ; but he rests his defense upon the act of the Legislature of the ninth of March, 1874, which repeals those sections of the Revised Statutes providing for the appointment of district attorneys *pro tempore* for the parishes by the police juries, and provides for the appointment of those officers by the Governor. The defendant urges that by the enactment of that law the relator became *functus officio*. But the relator argues that the act of 1874 does not repeal the act of 1868, establishing the office of district attorney *pro tempore*, and having been appointed under that act by the police jury, as directed by law, his tenure of office is not affected by the change made in the manner of appointing. The relator further contends that the act of ninth of March, 1874, is void according to article 114 of the State constitution, as it does not declare its object in the title.

We think the position assumed by the relator that the change made in the manner of appointing district attorneys *pro tempore* for the parishes does not affect appointments previously made in the manner directed by law. The relator was duly elected or appointed to the office he claims on the second of December, 1872, in the only manner then known to the law. The act of the Legislature of ninth March, 1874, changing the mode of appointment can not be construed so as to make it retroactive. It provides, " that immediately after the passage of this act there shall be appointed a district attorney *pro tempore*, etc., by the Governor with the advice and consent of the Senate," etc. But this act must be understood to apply to parishes where appointments to that office had not been made by the police juries, or where vacancies existed.

In this case the office of district attorney *pro tempore* had been filled and the incumbent's term of office has not expired. The act of March 9, 1874, does not abolish the office of district attorney *pro tempore*, but

only alters the mode of appointing to that office.    See case of State *v.* Kreider, 21 An. 482, and the case of the Returning Board and other cases subsequently decided.    We think the judgment erroneous.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed.    It is further ordered that there be judgment in favor of the relator and against the defendant; that the relator, L. B. Claiborne, be and he is hereby recognized as the district attorney *pro tempore* for the parish of Point Coupee, entitled to hold and discharge the duties and to receive the profits and emoluments by law appertaining to the same.    It is further ordered that the claims set up to said office by the defendant be rejected, the defendant and appellee paying costs in both courts.